UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY E. HISSONG, SR., </br>  Petitioner, </br> v. </br> STATE OF CALIFORNIA, </br>  Respondent. | 1:12-cv–01496-LJO-SKO-HC </br></br> FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE FOR PETITIONER'S FAILURE TO FOLLOW A COURT ORDER AND PROSECUTE THE CASE (DOCS. 1, 8) </br></br> FINDINGS AND RECOMMENDATIONS TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY AND TO DIRECT THE CLERK TO CLOSE THE CASE |

**DEADLINE FOR OBJECTIONS: THIRTY (30) DAYS**

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on September 13, 2012.

I. Petitioner's Failure to Follow the Court's Orders regarding Consent

On September 14, 2012, the Court issued an order directing Petitioner to complete and return to the Court within thirty (30)

1

days a form indicating whether Petitioner consented to the jurisdiction of the Magistrate Judge or requested the reassignment of the case to a District Judge.  The order was served on Petitioner on the same date.  Over thirty days passed, but Petitioner failed to respond to the Court's order.

On January 24, 2013, the Court issued an order directing Petitioner to complete and return to the Court within thirty (30) days a form indicating whether Petitioner consented to the jurisdiction of the Magistrate Judge or requested the reassignment of the case to a District Judge.  Further, the order informed Petitioner that if he failed to comply with the order, the action would be dismissed without prejudice for Petitioner's failure to comply with the order.  The order was served on Petitioner on the date it issued.  Over thirty days have passed, but Petitioner has failed to sign and return the consent form to the Court.

II. <u>Petitioner's Failure to Inform the Court of His Address</u>

The Court's order of January 24, 2013, was returned on February 4, 2013, by the United States Postal Service as undeliverable, with a notation that the inmate was no longer at the address listed in the docket.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times.  Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff <u>in propria persona</u> by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a

2

|   |   |
|---|---|
| 1 | current address, the Court may dismiss the action without prejudice for failure to |
| 2 | prosecute. |

3  Here, over sixty-three days (63) have passed since
4 Petitioner's mail was returned, and he has not notified the Court
5 of a current address.

6  In determining whether to dismiss an action for lack of
7 prosecution, the Court must consider several factors: (1) the
8 public's interest in expeditious resolution of litigation; (2)
9 the Court's need to manage its docket; (3) the risk of prejudice
10 to the respondents; (4) the public policy favoring disposition of
11 cases on their merits; and (5) the availability of less drastic
12 alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
13 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The Court
14 finds that the public's interest in expeditiously resolving this
15 litigation and the Court's interest in managing the docket weigh
16 in favor of dismissal because this case has been pending since
17 September 2012.  The Court cannot hold this case in abeyance
18 indefinitely based on Petitioner's failure to notify the Court of
19 his address.  The third factor, risk of prejudice to respondents,
20 also weighs in favor of dismissal, since a presumption of injury
21 arises from the occurrence of unreasonable delay in prosecuting
22 an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.
23 1976).  The fourth factor, public policy favoring disposition of
24 cases on their merits, is greatly outweighed by the factors in
25 favor of dismissal discussed herein.  Finally, given the Court's
26 inability to communicate with Petitioner based on Petitioner's
27 failure to keep the Court apprised of his current address, no
28 lesser sanction is feasible.

Therefore, it will be recommended that the petition be dismissed for Petitioner's failure to comply with the Court's orders regarding consent and failure to comply with the local rule that requires a petitioner to keep the Court informed of his current address.

### III. Certificate of Appealabiltiy

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among

4

jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

IV. Recommendations

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED without prejudice for Petitioner's failure to comply with the rules and orders of the Court; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the case.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections

5

with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     April 27, 2013**                             /s/ Sheila K. Oberto
                                                            UNITED STATES MAGISTRATE JUDGE

6